UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-CR-00186-HEA ) |
| TODD BENDER, | ) ) |
| Defendant. | ) ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1. PARTIES:**

The parties are the defendant Todd Bender, represented by defense counsel Ronald E. Jenkins, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count V of the charge, the United States agrees to dismiss Counts I-IV and that no further federal prosecution will be brought in this District relative to the defendant's false and fraudulent tax return preparation from 2016 through on or about 2020, of which the Government is aware at this time.

1

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

### 3. ELEMENTS:

As to Count V, the defendant admits to knowingly violating Title 26, United States Code, Section 7206(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

*One*, the defendant signed an individual income tax return, Form 1040, for the year in question, that was false as to income;

*Two*, the return contained a written declaration that it was signed under the penalties of perjury;

*Three*, the defendant did not believe the return to be true and correct as to income;

*Four*, the defendant acted willfully; and

*Five*, the false matter in the income tax return was material.

### 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

2

Defendant Todd Bender ("Bender") was a resident of St. Louis County, Missouri. Bender was employed by P&A Drywall Supply Co., Inc. ("P&A") and John Bender, Inc. ("JBI"). Both are family-owned businesses in the construction and construction supply industry. Bender reported income on his personal returns during tax years 2015-2019 for P&A and JBI on Forms W-2 from each of these businesses, including other sources such as JTDB LLC, Bender Family LLC, Bender Family Limited Partnership, and T&D Holding Company LLC. However, for the same tax years, Bender filed false income tax returns that underreported his income from other "side work" that Bender performed outside of those entities. During the same time period, Bender performed construction, renovation and remodeling work for residential customers in the St. Louis area and received payment for these services. Bender instructed his clients to write him multiple checks made payable to him personally, sometimes all on the same day. Bender cashed these checks at his bank, receiving the cash. He did not deposit the checks into any bank account. Bender failed to inform his tax return preparer of the income received from the remodeling work. Bender then signed his tax returns knowing that they were false as to the unreported income. The returns were false and fraudulent as to the material matter, in that they did not include all income for the taxable year, in order to avoid paying federal income taxes.

As to Count V, defendant did willfully make and subscribe a U.S. Individual Income Tax Return, IRS Form 1040, for calendar year 2019, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, and which defendant did not believe to be true and correct as to every material matter, in that said return reported, on line 7b of Form 1040, total income in the amount of $779,968, when, in fact,

3

as the defendant well knew and believed, the total income for the calendar year 2019 was greater than the amount reported. The additional amount due and owing for year 2019 is $22,150.

Bender did willfully make and subscribe U.S. Individual Income Tax Returns, IRS Forms 1040, for calendar years:

| Tax Years | Balance Due |
|---|---|
| 2015 | $ 25,076 |
| 2016 | $ 6,961 |
| 2017 | $ 30,852 |
| 2018 | $ 26,780 |
| 2019 | $ 22,150 |
|  | $ 111,819 |

The amount due and owing for the total tax loss in the case is $111,819.00.

## 5. STATUTORY PENALTIES:

The defendant fully understands that the maximum penalty provided by law for the crimes to which the defendant is pleading guilty under Count V is imprisonment of not more than 3 years, a fine of not more than $100,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than one year.

## 6. U.S. SENTENCING GUIDELINES: 2021 MANUAL:

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal

4

History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

    a. **Chapter 2 Offense Conduct:**

    **(1) Base Offense Level:** The parties agree that the base offense level is **16**, as found in Section 2T1.4(a)(1) and 2T4.1(F).

    **(2) Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: None.

    b. **Chapter 3 Adjustments:**

    **(1) Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1, because the defendant has clearly demonstrated acceptance of responsibility (3E1.1(a)) and timely notified the government of the defendant's intention to plead guilty (3E1.1(b)). The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

    c. **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is **13**.

    d. **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The

defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**e. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

## 8. OTHER:

**a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the

term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

    **d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

    **e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

    **f. Fines, Restitution and Costs of Incarceration and Supervision:** As a condition of supervised release, the Court may impose restitution. *See* U.S.S.G. § 5E1.1(a)(2). The defendant understands and agrees that the Court may impose restitution as a condition of supervised release, and the United States may enforce the order of restitution. If the Court imposes a schedule of payments, the defendant agrees that such schedule of payments does not limit the United States from taking additional collection methods. The defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The defendant agrees to provide full restitution to all victims of all charges contained in the indictment or information, without regard to the counts to which the defendant actually pleads.

    As a condition of supervised release, the defendant agrees to pay restitution to all victims listed in the restitution questionnaire in the total amount of $111,819.00. The defendant agrees that

8

the United States may commence collection actions against all of defendant's property and rights to property pursuant to 18 U.S.C. § 3613(a) for the balance of the restitution owed.

      **i.**     **Waiver of Defenses/Objections to Enforcement Actions:** The defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, *et seq.*.

      **ii.**     **Disclosure of Financial Information:** The defendant agrees fully to disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party, and disclosing any transfer of assets that has taken place within one (1) year preceding the entry of this plea agreement. The defendant agrees to truthfully complete the Financial Statement of Debtor form provided to the defendant from the defendant's signature on this plea agreement within 60 days of the defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to the Asset Recovery Unit of this district's United States Attorney's Office with supporting financial documentation requested therein. The defendant's failure to timely and accurately complete and sign the Financial Statement of Debtor form, and any update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G §3E1.1. The defendant agrees to provide updates to the Financial Litigation Unit with any material changes in economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances.

The defendant expressly authorizes the U.S. Attorney's Office to obtain the defendant's credit report, copies of the defendant's bank records, and copies of the defendant's personal federal

9

income tax returns for the last three years. The defendant agrees to provide waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days from the date of sentencing. The defendant also authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

       **iii.**    **Transfer of Assets**: Prior to sentencing, the defendant agrees to notify the Asset Recovery Unit of this district's United States Attorney's Office before the defendant transfers any interest in property with a value exceeding $10,000.00 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships and corporations.

       **iv.**    **Appearance Bond Released for Restitution**: The defendant authorizes the "Clerk, U.S. District Court" to release the funds posted as security for the defendant's appearance bond in this case, if any, to be applied to satisfy the financial obligation of the defendant, pursuant to the judgment of the Court

    **g. Forfeiture**: The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant specifically agrees to the entry of a forfeiture money judgment in the amount of $111,819.00. The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut

the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional and statutory challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument. The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver

of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except

13

where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

| | |
|---|---|
| 9/19/2022 | /s/ Edward L. Dowd III |
| Date | EDWARD L. DOWD III |
| | Assistant United States Attorney |
| | |
| 09/19/2022 | |
| Date | TODD BENDER |
| | Defendant |
| | |
| 09/19/2022 | |
| Date | RONALD E. JENKINS |
| | Attorney for Defendant |

14